Thompson, to use of Buckner, vs. The St. Louis Perpetual Insurance Company.

---

THOMPSON, TO USE OF BUCKNER, RESPONDENT, vs. ST. LOUIS PERPETUAL INSURANCE COMPANY, APPELLANT.

1. Where all the instructions asked by the appellant were given, and none were given at the instance of the appellee, the case only involves the consideration of the weight of the evidence, which is matter for the determination of the jury, and with which the supreme court is not disposed to interfere.

### APPEAL from St. Louis Circuit Court.

#### STATEMENT OF THE CASE.

This was an action of assumpsit on an open policy of insurance, on an endorsement therein of insurance on goods shipped from New York for Boonville, specified to be shipped "via Ohio River," (the plea was non-assumpsit.) At the trial the plaintiff proved the shipment of goods from New York by way of Buffalo and Toledo to Cincinnati; that when they arrived at Cincinnati they were in a damaged condition, and the amount of the damage, and that the goods had been damaged by the sinking of the canal boat Marshall, in the Miami canal in the State of Ohio, but proved nothing as to the manner or circumstances of the sinking.

The liabilities and perils assumed by the defendant by the policy of insurance were "of the seas, rivers, fire, pirates, overpowering thieves (but no other thieves) jettisons, and all other

Thompson, to use of Buckner, vs. The St. Louis Perpetual Insurance Company.

perils, losses and misfortunes that had or shall come to injury, detrimental or damage of the said property, or any part thereof, by reason of the damages aforesaid."

The defendant proved that by the words in a policy "via Ohio River" was always meant by way of Pittsburg or Wheeling and then down the Ohio River, and not by way of Buffalo and Toledo, and that higher rates of premium were charged by insurance companies on shipments from New York by way of Buffalo and Toledo than on shipments by way of Pittsburg or Wheeling.

The plaintiff then gave evidence tending to prove that at the time the insurance was made, the brother and agent of the plaintiff showed to the agent of the defendant, a letter from the plaintiff to his said brother which stated that the goods were to be shipped by way of Buffalo and Cleveland, thence by canal to Cincinnati and thence by steamboat also to Boonville, and directing him to get them insured, and said brother and agent of the plaintiff did make the application for insurance, and received the policy as indorsed "via Ohio River." There was evidence that the defendants promised to pay the damages sustained by the plaintiff by reason of the danger to the goods insured.

The court instructed the jury as follows:

1. If the jury believe from the evidence, that by the indorsement on the policy of goods to be shipped "via the Ohio River," was meant that the goods were to be shipped by way of Pittsburg or Wheeling, and thence by the Ohio river, then the policy does not cover a loss on the Miami canal in the State of Ohio.

2. Unless the jury believe from the evidence that the goods mentioned in the declaration were damaged by a peril mentioned in the policy, and thereby insured against, they will find for the defendant.

3. But should the jury believe from the evidence, that by the use of the phrase "via Ohio River," it was intended by the defendant, through its agent, to authorize and insure against a shipment by way of the said canal, then the policy did cover a loss to the goods insured, if the same were lost by a peril within the policy.

The jury rendered a verdict for the plaintiff, and the defendant moved for a new trial for reasons, among others, that the verdict was against evidence and against the instructions of the court, and that there was no evidence of any loss or damage by a peril insured against.

The court below overruled the motion and the defendant appeals.

GAMBLE & BATES and J. A. KASSON, for appellant, insists:

The circuit court erred in overruling the motion for a new trial, because the verdict is clearly against the evidence and against law.

In such case this court will interfere and grant a new trial: Hartt vs. Leavenworth, 11 Mo. Rep., 629.

The verdict is clearly erroneous in that: 1. The policy of insurance did not cover a loss from any canal. It was an insurance only against the perils of the "seas, rivers, fires, pirates, overpowering thievss and jettisons," and the losses that might accrue by reason thereof. And the court instructed the jury to find for the defendant unless the goods were damaged by a peril mentioned in the policy.

2. If the policy could be construed to cover a risk on any canal, it did not cover a loss in the Miami canal where the goods were in fact damaged—for by the words "via Ohio River" was meant a different route entirely from that on which the goods were damaged—a case of the widest deviation—(for deviation see 1 Phillips on Insurance, 480) and if the goods had been shipped by the route mentioned in the policy, they never could have been at the place where they were in fact damaged.

The fact, if it be one, that the defendant's agent saw the letter from the plaintiff to his brother, at the time the insurance was made, is immaterial, as it could have no effect to vary

Thompson, to use of Buckner, vs. The St. Louis Perpetual Insuance Company.

the written contract insurance and the court in effect withdrew any consideration of it from the jury.

3. Even if the policy would cover a loss on the Miami canal, there was no evidence of a loss by a peril insured against. No testimony was given as to the manner of the loss, farther then, that the goods were wet and damaged by the sinking of a canal boat. It did not appear whether this was a consequence of a peril assumed, or if so, whether operating in an ordinary or extraordinary degree: 1 Phillips on insurance, 625.

WRIGHT, for respondent.

The points I rely on are:

1. That the endorsation was against the letter of instructions.

2. That it was the duty of the agent to put on the back of the policy, the note in unambiguous phrase.

3. That the ambiguity made by him must be construed against the maker.

4. That there was no diversion.

5. That upon the well established principles recognized—perhaps I may say, suggested by this court—the verdict will not be disturbed.

I rely also upon the grounds ruled by that court in the case of Kyle vs. Ins. Co., and the more recent case of Philips, in which the Kyle case comes under review, as furnishing a rule for decision in this case.

The instructions put the case more strongly for the defendant below, than the law would warrant.

The instructions presented the question of deviation, and the question of loss within the perils of the policy.

Now in strictness the company were not entitled to either instruction; for,

1. There was a provision to pay after notice of the loss.

2. No objection of the loss outside of the points insured was ever set up.

The case was put distinctly on different grounds. But if the company were not precluded by their action from that defence, there is evidence of the loss with the policy. It need not be established by positive evidence; and there was circumstantial evidence on the point, enough for the consideration of the jury and the support of the verdict.

On the whole case, the judgment is for the right party.

SCOTT, J., delivered the opinion of the court.

All the instructions having been given, which were asked by the appellant, defendant below, and no instructions having been given at the instance of the appellee, the plaintiff, the case only involves the consideration of the weight of evidence.

When an instruction hypothetically assumes a fact, and the law is declared accordingly, if the jury find against the instruction, it cannot be said that the finding is against the law of the instruction, as it does not appear but that the fact assumed in the instruction was disproved by the evidence.

There being evidence of a promise by the defendant, to pay the damages sustained by the plaintiff, it was a sufficient warrant for the

jury to draw the inference, that the loss was occasioned by one of the perils insured against.

This is one of that class of cases with which the court has so repeatedly refused to interfere.

Judge Ryland concurring, the judgment will be affirmed.